C/A No. 3:22-cr-00221-CRI

1
2

Richard E. Boggs
7001 St. Andrews Road #124
Columbia, SC   29212-1137

RECEIVED
USDC CLERK, COLUMBIA, SC

2022 MAR 23   PM 12: 09

3
4
5
6
7
8
9

**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE DISTRICT OF SOUTH CAROLINA**
At Columbia

| | |
|---|---|
| **UNITED STATES,** | ) C/A No. **3:22-cr-00221-CRI** |
| Plaintiff | ) |
| | ) **MOTION TO DISMISS** |
| v. | ) **INDICTMENT** |
| | ) |
| | ) |
| **Richard Boggs,** | ) |
| Defendant, Pro Se | ) |

10
11
12
13
14
15
16
17
18

## MOTION TO DISMISS INDICTMENT

19
20
21

COMES NOW, Richard Boggs ("Defendant"), seeking to move this court to dismiss the indictment against him for the very particular reasons cited below.

22

### I.     STATEMENT OF THE CASE

23
24
25
26
27
28

On March 15, 2022, US Atty POTTERFIELD and IRS Agent RAE presented evidence to a grand jury in order to secure an indictment, which was issued against the Defendant for 5 counts of violations of 26 USC 7201 – attempt to evade or defeat tax. Although the Defendant was invited to appear and give testimony as to his innocence, he was summarily denied that opportunity at the last minute. Thereby destroying the appearance of fairness in that proceeding.

Defendant's Motion to Dismiss Indictment                    Page 1 of 6

C/A No. 3:22-cr-00221-CRI

## II.    ARGUMENT

This court, the IRS, and the DOJ and the Plaintiff have repeatedly ignored the law and the rights of the Defendant in order to render ruling after ruling in favor of the criminal conduct as described of the Plaintiff(s) in the accompanying Criminal Complaint. Time and time again this Defendant has come before this court with statutory arguments and undeniable proof that the conduct of the Plaintiff(s) is in violation of the laws of the United States and the Constitutionally protected rights of the Defendant as required by 18 USC § 4. This court, the IRS, DOJ, and the Plaintiff run from the subject provisions relied upon by the Defendant and shamelessly seeks out citations, irrelevant rulings and laws that supports the Plaintiff's position all the while ignoring laws, citations, rulings, and subject provisions that are in the Defendant's favor and support his position(s) and argument(s).

For the purposes of this pleading the term "subject provisions" shall be deemed to mean 26 USC §§ 1, 61(a), 83(a), 212, 1001, 1011, 1012, 1402(b), 3121(e), 3306(j), 3402(n), 6201, 6671(b), 7343, 7608, 7621, 7651(4)(A), 7655; 42 USC § 411(b)(2); Social Security Act of 1935 § 211, Pub.L. 74-271, 49 Stat. 620 (August 14, 1935), now codified as 42 USC ch. 7; 1939 Internal Revenue Code §§ 111, 112, 113, 3640, 3811; 26 CFR 1.1-1, 1.83-3(e), (f), (g), 1.83-4(b)(2), 1.1001-1(a), 1.1011-1(a), 1.1012-1(a), 1.1401-1(a), 1.1402(a)-2(a), 1.1402(b)-1(d), 31.0-2(a)(1), 31.3121(e)-1(b), 301.6201-1(a), and 602.101.

The Defendant draws the court's attention to the Indictment issued dated 3/15/22 which is completely void of any of the provisions relied upon by the Defendant as presented to the IRS's RAE & the DOJ's POTTERFIELD (see attached Exhibit 1). The IRS, DOJ nor the courts have denied allegations of fraud, criminal misconduct on behalf of employees, and responded cogently for demand for redress. Thereby admitting to the facts that the government and its employees are

C/A No. 3:22-cr-00221-CRI

1   engaged in fraud, extortion, and racketeering under the guise of taxation as described in the

2   Defendant's Criminal Complaint & Supplemental Brief (see attached Exhibit 2).

3
4       This evidence has been added to the Defendant's record as proof to this court that the

5   Defendant has acted in good faith in his exhaustive efforts to get to the truth. The Plaintiff(s)

6   have not denied any of the Defendant's allegations and have by their silence confirmed those

7   allegations that they have acted in a bad-faith campaign to harass and intimidate the Defendant,

8   and mis-enforce the law to steal the Defendant's property. The Plaintiff(s) (and this court) have

9   failed time and time again to correct this course and show any consideration of the Defendant's

10  rights.

11
12      Since it is apparent that this court cannot be relied upon to protect the rights and property

13  of the Defendant, when to do so would go against the government and its gang of derelicts, this

14  Defendant now **DEMANDS** this court follow its own rules and reverse this miscarriage of justice

15  and find against RAE & POTTERFIELD as presented in the Defendant's Criminal Complaint.

16
17      This court and these Plaintiff(s) have repeatedly acted in bad faith by failing to deny the

18  very specific allegations against them then setting about to harass, intimidate, and interfere in the

19  life of this law-abiding Defendant. Therefore, this Defendant must conclude his conclusions and

20  allegations are correct. He will continue to act upon those conclusions until such time as the

21  Plaintiff provides cogent evidence to the contrary.

22
23      Defendant requested, and was granted, an appearance before the grand jury on Mar. 15th

24  to present exculpatory evidence proving beyond a shadow of a doubt the Defendant lacked the

25  essential element of "willfulness" for the crime(s) alleged – however, was denied that appearance

26  at the eleventh hour by POTTERFIELD. Thereby destroying the appearance of fairness and fair

27  play, biasing the grand jury as evidenced in the Indictment.

28

Defendant's Motion to Dismiss Indictment                                    Page 3 of 6

C/A No. 3:22-cr-00221-CRI

As cited in the charging document, having "taxable income" does not in itself make one duty-bound to file. First, it must be determined if there is any GROSS INCOME upon which to base a tax liability. The duty to file and pay income tax comes from GROSS INCOME and not "taxable income" minus all allowable deductions. When 26 USC §83 is allowed to operate, services (labor) is deemed to be a "cost" to the taxpayer and thereby restored to him as a "cost" for the "production or collection of income[1]". This fact is well documented throughout the Defendant's massive administrative record and was most certainly withheld from the grand jury. Through the operation of 26 USC §83 the Defendant rightfully and lawfully determined by a self-assessment that he had NO GROSS INCOME, and therefore NO duty to file/pay federal income tax.

This fact also makes the Defendant's filing W-4 EXEMPT permissible and lawful. Both facts were surely withheld from the grand jury.

No mention of 26 USC §83 nor the relevant provisions relied upon by the Defendant in his determination of a lack of any duty to file/pay due to NO GROSS INCOME. Instead, the IRS & DOJ polluted the grand jury with talk of "wages and other income…"; "false" Forms W-4" … etc. in a calculated effort to secure an indictment at all costs. Falsely accusing the Defendant of "willfully" evading & defeating "income tax due and owing…" when they know the opposite to be true. Lies and false declarations before any grand jury or court is a felony under 18 USC §1623. This is a clear violation of the Brady Rule[2] on the part of the US Atty POTTERFIELD & IRS accomplice RAE in which they willfully and intentionally ignored their constitutional duty to disclose exculpatory evidence in their possession to the grand jury in order to secure an

---

[1] See 26 USC §212
[2] See Brady v. Maryland, 373 U.S. 83 (1963)

Defendant's Motion to Dismiss Indictment                    Page 4 of 6

C/A No. 3:22-cr-00221-CRI

1  indictment against the Defendant (See Exhibit 1), thereby denying the Defendant the reasonable

2  probability of NOT being indicted at all. Given the facts of this case, this should have never been

3

4  presented to the grand jury to begin with. A total miscarriage of justice and abuse of authority on

5  the part of the Plaintiff, IRS & the DOJ.

6      The presumption of correctness enjoyed by the IRS (government) disappears upon

7  introduction of evidence to the contrary. A "determination" must be the result of a consideration

8  of **all** relevant facts and statutes.[3] That evidence has been introduced before this court on

9  numerous occasions, as well as to RAE & POTTERFIELD directly, and yet it is ignored.

10

11      As shown by the preponderance of evidence provided by the Defendant there has been

12  NO crime committed on the part of this Defendant, but as much cannot be said of the Plaintiff(s).

13  Therefore, this indictment was secured under the most dishonest, disgraceful methods and should

14  be set aside with prejudice.

15                        **III.    CONCLUSION**

16      For the foregoing reasons Defendant prays for immediate dismissal of this travesty with

17

18  prejudice.  And a thorough review of the conduct of RAE & POTTERFIED for crimes against

19  this Defendant in their prosecution of crimes they are well aware he has not committed.

20

21

22

23  [3] See Hughes v. U.S., 953 F.2d 531 (CA9 1992); Portillo v. Comm'r of IRS, 932 F.2d 1128 (CA5 1991); Elise v.

24  Connett, 908 F.2d 521 (CA9 1990); Jensen v. Comm'r of IRS, 835 F.2d 196 (CA9 1987); Scar v. Comm'r of IRS,

25  814 F.2d 1363 (CA9 1987); Benzvi v. Comm'r of IRS, 787 F.2d 1541 (CA11 1986); Maxfield v. U.S. Postal Service,
   752 F.2d 433 (1984); Weimerskirch v. Comm'r of IRS, 596 F.2d 358, 360 (CA9 1979); Carson v. U.S., 560 F.2d

26  693 (1977); U.S. v. Janis, 428 U.S. 433, 442 (1975); Alexander v. "Americans United" Inc., 416 U.S. 752, 758-770

27  (1973); Pizzarello v. U.S., 408 F.2d 579 (1969); Terminal Wine, 1 B.T.A. 697, 701-02 (1925); Couzens, 11 B.T.A.
   1140, 1159, 1179

28

Defendant's Motion to Dismiss Indictment                    Page 5 of 6

C/A No. 3:22-cr-00221-CRI

| | |
|---|---|
| 1 | **Verification:** |
| 2 |     I, Richard E. Boggs, do hereby swear under penalties of perjury (28 USC §1746) |
| 3 | that the foregoing statements and claims are true and correct to the best of my knowledge, |
| 4 | as I am a first-hand witness thereto. |
| 5 | |
| 6 | Executed this 22 day of March 2022. |

Richard E. Boggs, Defendant Pro Se
All Rights Reserved

The above affirmation was subscribed and duly sworn to before me this 22nd day
of March 2022, by Richard E. Boggs.

    I, J. Max Mayo _____, am a notary under license from the
State of South Carolina whose commission expires on 5-20-2031 _____, and be
it known by my hand and my seal as follows:

Notary signature and seal

**J. Max Mayo**
Notary Public for South Carolina
Commission Expires: 05/20/2031

Presented By:

Richard E. Boggs, Defendant Pro Se
7001 St. Andrews Rd. #124
Columbia, South Carolina 29212
All Rights Reserved

Dated: 3-22-2022

Defendant's Motion to Dismiss Indictment                      Page 6 of 6