MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

RECEIVED
USDC CLERK, COLUMBIA, SC

# UNITED STATES DISTRICT COURT

2023 APR 24  PM 1: 37

## DISTRICT OF SOUTH CAROLINA

### At Columbia

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) No. **3:22-cr-00221** |
| | ) |
| | ) **DEFENDANT'S MOTION TO** |
| **vs.** | ) **VACATE JUDGEMENT.** |
| | ) |
| | ) **LACK OF TERRITORIAL JURISDICTION,** |
| **RICHARD BOGGS** | ) **THUS, LACK OF SUBJECT MATTER** |
| **Defendant** | ) **AND IN PERSONAM JURISDICTION.** |
| | ) |

---

## I. <u>INTRODUCTION & EXHIBITS</u>.

1.1     NOW COMES the alleged defendant, Richard Boggs (hereinafter "Boggs"), seeking vacation of judgement for lack of jurisdiction.

1.2     Boggs elects to be one that is a native South Carolinian born and domiciled on the land of South Carolina (circa March 26, 1776) without intention to become a "US Citizen". (See **Exhibit 3**: Declaration of Oath and Allegiance).

///

///

///

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

**Exhibits**:

    1.3.    Exhibit to this motion is as follows:

- **Exhibit 1:** Memorandum of Law – Brief Regarding 4 USC **§ 72.**
- **Exhibit 2**: August 17, 2018, Letter to IRS Special Agent Rae.
- **Exhibit 3:** Declaration of Oath of Allegiance.
- **Exhibit 4:** Notice to the Court.
- **Exhibit 5:** Bouvier's Law Dictionary on Territorial Jurisdiction.
- **Exhibit 6:** Seat of Government - Statutes at Large.

## ISSUES:

### Territorial jurisdiction.

    1.4    The territorial jurisdiction of this court is hereby challenged. Once challenged, proof of jurisdiction must appear on the record.

### Subject matter jurisdiction.

    1.5    Provided this Court cannot establish territorial jurisdiction, the Court would also lack subject matter and *in personam* jurisdiction as well.

## II. AUTHORITIES & CLAIMS.

This motion seeks vacation of the conviction for tax evasion in this case on the following grounds. These are not technicalities but rather statutory challenges and constitutional claims, each and all of which show Boggs to be innocent of the charge(s) of tax evasion under 26 USC § 7201.

**Issue**: **Lack of territorial jurisdiction, therefore, NO subject matter or *in personam* jurisdiction.**

MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

2.1.    Can Congress with the power to make all laws and needful rules, abrogate by that power the Citizens constitutional guarantees and protections?  Boggs believes that they cannot.

2.2.    Boggs is possessed of all rights pursuant to the Constitution, the Constitution of South Carolina State ("state Constitution"), common law and the rules applicable to criminal procedure.

2.3.    This court must resolve the challenge to the alleged and presumed venue in territorial, subject-matter, and, *in personam* jurisdiction of UNITED STATES OF AMERICA (hereafter "USA") before this court can lawfully proceed against Boggs.  The specific issues to be resolved are as follows:

a.    Does Counsel for Plaintiff (hereafter "Counsel") have standing to represent USA absent any evidence on the record that they first have Territorial Jurisdiction?

b.    Does this court have venue and *in personam* jurisdiction upon land and persons over which Congress does not have exclusive legislative jurisdiction or over which the United States (alleged USA) has not accepted jurisdiction pursuant to 18 USC § 7(3) and 40 USC §3112?

c.    Has Congress "expressly" extended the authority of the Secretary of the United States Treasury ("Secretary") (and consequently the Department of Justice ("DOJ")) to administer and enforce internal revenue laws outside the geographical area of "the District of Columbia, and not elsewhere" and within the several states pursuant to 4 USC § 72? (See Article 1, Section 8, Clause 17 which limits UNITED STATES Jurisdiction to Washington D.C. and it's enclaves, its federal states, or its territories, Exhibit 1, Exhibit 4, Exhibit 5, and Exhibit 6).

MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

    d.   Have the Secretary and the Commissioner of The Internal Revenue Service ("Commissioner") designated any of their delegates involved in this matter (i.e., IRS Agents, the Commissioner) to administer and enforce internal revenue laws as "official business" without "the District of Columbia" pursuant to 26 USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1))?

2.4.    For the record, Boggs also points out to this court several misrepresentations and outright fabrications made by Counsel to this court.

## A. Counsel lacks standing to represent UNITED STATES OF AMERICA (USA)

2.5.    Counsel claims to represent USA in this alleged action.

2.6.    Boggs has discovered that USA and United States are two distinct entities. The preamble to the Constitution clearly states that the United States and USA are distinct entities.

"We the People **of the United States**, in Order to form a more perfect Union, establish Justice, insure domestic Tranquility, provide for the common defence[sic], promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity, do ordain and establish this Constitution **for the United States of America**" (Emphasis added).

2.7.    The United States of America (USA) by the Constitution created a government called "United States". If the founding fathers intended that "United States" and "USA" should be the same entity, **then why did they give each entity a different name?** Why was the jurisdiction of the "United States" limited to the 10 miles square known as the District of Columbia? By a reading of the Constitution, clearly the exclusive legislative jurisdiction of the "United States" (allegedly USA) was limited to the "10 miles square" of "the District of

Columbia" and the "United States of America"[1] was the union of the several 13 states then bound by the Articles of Confederation which encompassed the areas then made up of all the several 13 states. It appears that Counsel in this case claims to represent **the several states**, yet based on my research, I have been unable to find any authority in the Constitution or "expressly" granted by Congress to the "United States" for Counsel and the DOJ to represent the fiction known as "USA" in this action with respect to the enforcement of internal revenue laws of the "United States" without "the District of Columbia, and not elsewhere", its Federal states, enclaves, or territories and within the several states against Boggs. (See Exhibit 6 – Seat of Government – Statutes at Large).

2.8.    Before this court can presume to have jurisdiction, it must order Counsel to demonstrate by admissible evidence on the record of their authority to represent the fiction known as "USA". and to specifically show which competent authority (i.e., which can officially and lawfully commit for and bind the USA) has granted Counsel the authority to represent USA in any action in this court. Further, the court must also order Counsel to specifically put on the record which jurisdictional authority Counsel has relied upon to legally represent the fiction known as "USA", in any action in this court, in regard to Boggs. If Counsel refuses to do so, then this court, is required by law to grant the Boggs' Motion to Vacate Judgement, for lack of territorial jurisdiction on the record.


**B. Does this court have venue and *in personam* jurisdiction upon land and persons over which Congress does not have exclusive legislative jurisdiction and over which the United States has not accepted jurisdiction pursuant to 18 USC § 7(3) and 40 USC §3112?**

---

[1] There is some doubt as to whether "the United States of America" a party to the Constitution and UNITED STATES OF AMERICA the party to this suit, are in fact the same entity. Further discovery may clarify this.

MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

2.9.    The territorial jurisdiction of Title 28 is established by the beginning "Chapter 5-District Courts" of Title 28 with a list of all the States, the District and Puerto Rico and by also specifying that:

> "Sections 81-131 of this chapter show the territorial composition of districts and divisions by counties as of January 1, 1945."

2.10.    The sentence had to be added after Congress enacted Title 28 USC into positive law on June 25, 1948, so that the Judiciary and Judicial Procedure Code would conform to existing statute law.  The geographical places named in Sections 81-131, therefore, provide examples of the territorial composition of the districts and divisions on a date certain, in compliance with the Sixth Amendment.  The federal court districts and divisions are comprised of the federal territory, Seat of Government or federal possessions found in the counties that comprise the districts and divisions on January 1, 1945

2.11.    The term "territorial jurisdiction" is often used in United States law with specificity.  For example, 28 USC § 636(e)(1), states that:

> "A United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment..." (Emphasis added).

2.12.    The term "territorial jurisdiction" does not include the soil of the several states over which the states have sovereign authority but rather it refers to federal land over which the United States (allegedly USA) has exclusive legislative jurisdiction (see Exhibits 5 and 6).  The evidence of this is as follows:

a.    This United States District Court is defined in 18 USC § 3006A(j) as the same court identified in Chapter 5 of Title 28:

> **18 USC § 3006A(j) Districts Included.** — As used in this section, the term "district court" means each district court of the United

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

States created by chapter 5 of title 28, the District Court of the
Virgin Islands, the District Court for the Northern Mariana Islands,
and the District Court of Guam.

b.  This court's jurisdiction is limited to within the "territorial jurisdiction" of the

United States (allegedly USA). The "territorial jurisdiction" of this court, as

defined at 18 USC § 7(3), in pertinent part, exists on:

> **(3) Any lands reserved or acquired for the use of the United
> States, and under the exclusive or concurrent jurisdiction
> thereof**, or any **place purchased** or otherwise acquired by the
> United States by consent of the legislature of the State in which the
> same shall be, **for the erection of a fort, magazine, arsenal,
> dockyard, or other needful building.**

c.  **Federal jurisdiction** is defined at 40 USC §3112 (originally 40 USC §255, re-

codified as 40 USC §3112) as:

> **(a) Exclusive Jurisdiction Not Required.—** It is not required that
> the Federal Government obtain exclusive jurisdiction in the United
> States over land or an interest in land it acquires.
>
> **(b) Acquisition and Acceptance of Jurisdiction.— When** the
> head of a department, agency, or independent establishment of the
> **Government**, or other authorized officer of the department,
> agency, or independent establishment, **considers it desirable**, that
> individual **may accept or secure, from the State** in which land or
> an interest in land that is under the immediate jurisdiction, custody,
> or control of the individual is situated, **consent to, or cession of,
> any jurisdiction over the land or interest not previously
> obtained**. The individual **shall indicate acceptance of
> jurisdiction on behalf of the Government by <u>filing a notice of
> acceptance with the Governor of the State</u> or in another
> manner prescribed by the laws of the State** where the land is
> situated.
>
> **(c) Presumption.—** <u>It is **conclusively presumed that jurisdiction
> has NOT been accepted until the Government accepts
> jurisdiction over land**</u> as provided in this section.  (Emphasis
> added)

Boggs contends that neither Plaintiff nor Counsel can produce any evidence that

the "United States" or the fictional "USA" government has acquired AND

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

accepted jurisdiction over land upon which Boggs lives or over the land where this court is situated and that until said evidence is entered in the record, IT CAN ONLY BE PRESUMED BY THIS COURT THAT THE "United States" (allegedly USA) **HAS <u>NOT</u> ACCEPTED JURISDICTION** OVER THE LAND WHERE Boggs LIVES OR THE LAND OVER WHICH THIS COURT IS SITUATED.

d.  In light of 40 USC § 3112, it is clear that no jurisdiction exists in the United States or the fictional "USA" to enforce federal laws, **unless and until** consent to accept jurisdiction over said lands acquired by United States has been filed in behalf of the United States as provided in § 3112, and the fact that a state has authorized the United States government to take jurisdiction is immaterial if the United States has not accepted jurisdiction. (See *Adams v. United States*, 319 US 312, 87 L. Ed. 1421, 63 S. Ct. 122 (1943)).

e.  ***The Constitution Article I, Section 8, Clause 17*** establishes areas of geographical jurisdiction for the Federal Government:

> "To exercise exclusive Legislation in all Cases whatsoever, over such **District (not exceeding ten Miles square**) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and **to exercise like Authority over all Places purchased by the <u>Consent of the Legislature of the State</u> in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings;**" (Emphasis added)

f.  As this court can readily see, 18 USC § 7(3) is the codification of Article I, Section 8, clause 17 of the Constitution.

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

g.  The constitutional phrase "**exclusive legislation**" is the equivalent to the statutory
expression "**exclusive jurisdiction**." (See *James v. Dravo Contracting Co.*, 302
U.S. 134, 141 (1937) citing *Surplus Trading Co. v. Cook*, 281 U.S. 647, 652
(1930)). It is only in those places where a State has ceded, and the federal
government has accepted jurisdiction that the federal government can exercise
general jurisdiction. (See *New Orleans v. United States*, 35 U.S. (10 Pet.) 662
(1836); *United States v Johnson*, 994 F.2d 980 (2ᵈ Cir. 1993)).

h.  Moreover, the Eisenhower Administration's Interdepartmental Committee for the
Study of Jurisdiction Over Federal Areas within the States affirmed that:

> "It scarcely needs to be said that **unless there has been a transfer
> of jurisdiction** (1) pursuant to clause 17 **by a Federal acquisition
> of land with State consent, or (2) by cession from the State to
> the Federal government**, or unless the Federal Government has
> reserved jurisdiction upon the admission of the State, **the Federal
> Government possesses no legislative jurisdiction over any area
> within a State ...**" (See *Jurisdiction Over Federal Areas Within
> the States*: Report of the Interdepartmental Committee for the
> Study of Jurisdiction over Federal Areas Within the States, Part II.
> *A Text of the Law of Legislative Jurisdiction*, June 1957, at page
> 45). (*Emphasis added.*)

i.  In this case, the United States District Court was without jurisdiction to prosecute
soldiers for <u>**rape committed on an army base**</u> prior to the filing of the
acceptance of jurisdiction required by 40 USC §3112; (See *United States v.
Wicks*, 132 F.3d 383, 387 (7th Cir. 1997); *United States v Johnson*, 994 F.2d 980
(2d Cir. 1993); *United States v. Tully*, 140 Fed. 899 (C.DC.D. Mont. 1905)). The
jurisdiction of the United States or the fictional "USA" extends to private lands
over which **legislative jurisdiction has been vested in the Government, as well
as to federally owned lands.** (Emphasis added) (See *United States v. Unzeuta*,

281 U.S. 138 (1930), as stated in *Jurisdiction Over Federal Areas Within the States* at page 106).

j.    **Because federal courts have limited jurisdiction, every case begins with the presumption that the court <u>lacks</u> jurisdiction to hear it.** (See *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 128 L. Ed. 2d 391, 114 S. Ct. 1673 (1994)). **The Plaintiff and Counsel bear the burden of overcoming this presumption and proving that *in personam* and subject-matter jurisdiction exists.** Id.; (See also *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Mortensen v. First Fed Say. and Loan Assn,* 549 F.2d 884, 891 (3d Cir. 1977)). **A district court is obligated to and has the power to raise the question of subject-matter jurisdiction even if the parties do not raise the issue.** (See Wright and Miller. *Federal Practice and Procedure: Civil* 2d §§ 1350, 3522; *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993); *Walls v. Ahmed*, 832 F. Supp. 940, 941 (E.D. Pa. 1993)).

k.    Therefore, unless it can be proven conclusively by evidence of jurisdiction on the record that this court has territorial jurisdiction and the United States or the fictional "USA" extends to land over which the several states exercise sovereign legislative jurisdiction, this court in this instant case is without venue, *in personam,* and subject-matter jurisdiction. Therefore, this court would be required to dismiss this instant case immediately with prejudice so as to not harm Boggs further in this egregious, malicious, fraudulent prosecution.

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

2.13    To confirm that Congress understands this limitation and has therefore limited all offices of the government from entering any geographical area for which the United States does not have jurisdiction, Boggs points out to this court that 4 USC § 72 clearly identifies the limitations of any government office to "the District of Columbia, and not elsewhere" unless Congress "expressly" extends the authority of said office elsewhere (i.e., the several states). (See Exhibit 1: **MEMORANDUM OF LAW** Brief Regarding 4 USC § 72 and The Secretary's Authority in the Several States, Exhibit 5: Bouvier's Law Dictionary, and also Exhibit 6 – Seat of Government – Statutes at Large).

## C. Does the Secretary have the Express grant from Congress to enter the several states and administer and enforce internal revenue laws pursuant to 4 USC § 72?

2.14    4 USC § 72, which is positive law, mandates that all offices of federal government are restricted to "the District of Columbia, and not elsewhere" unless Congress "expressly" extends their granted authority to other geographical areas by United States law.

> *"**All offices** attached to the seat of government **shall** be exercised **in the District of Columbia**, and **not elsewhere**, except as otherwise **expressly** provided by **law**."*
> *4 USC § 72 (Emphasis added)*

2.15    United States law 4 USC § 72 provides the litmus test for the jurisdiction of every office attached to the seat of government, which includes the Secretary and his alleged Delegates.  4 USC § 72 is concerned with "WHERE" offices of the United States can exercise their authority and not WHAT said offices can do.  The breakdown of this law is as follows:

MOTION TO VACATE JUDGEMENT, territorial jurisdiction.              Page 11 of 23

MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

    a.  **ALL** offices attached to the seat of government are contemplated in this law and not just some offices – **this includes the Secretary, the IRS and the Department of Justice ("DOJ"), etc.**

    b.  The provisions of 4 USC § 72 are mandatory by its use of the word "**shall**" by Congress.  In other words, this is not an optional consideration for any United States officer, Court, or Agency. (See Exhibit 1: Memorandum of Law – Brief Regarding 4 USC § 72).

    c.  The "exercise" of ALL government offices is by default limited to "the District of Columbia, and not elsewhere."  This means that "the District of Columbia" is the starting place for jurisdiction not the exception.

    d.  An exception can be made to said limitations of ALL offices to "the District of Columbia, and not elsewhere."  As set forth in 4 USC § 72, authority to act outside "the District of Columbia" must be "otherwise **expressly** provided by law."  This means that if Congress intends to extend the authority of a particular office of the United States to areas outside "the District of Columbia," it shall "expressly" delegate, grant and extend said authority in United States law; and

    e.  Any "expressly" delegated exception to the limitations of an officer's authority to that of "the District of Columbia, and not elsewhere" is to be authorized by Congress in "law."  Since Congress (Legislative Branch) has the exclusive authority to create law for the United States (District of Columbia) and the territories and insular possessions, exceptions to the mandate of 4 USC § 72 shall be found **only in United States law** and not in Codes of Regulations or presidential executive orders (Executive Branch) or in Supreme Court rulings

(Judicial Branch).  Only Congress by United States law can authorize, grant, or extend the authority of any government office outside "the District of Columbia," pursuant to 4 USC § 72. (See Exhibit 1: Memorandum of Law – Brief Regarding 4 USC § 72 and Exhibit 6 – Seat of Government – Statutes at Large).

2.16    One of the key words in 4 USC § 72 is the word "**expressly**."  When Congress extends the authority of any office or officer of the United States outside "the District of Columbia, and not elsewhere," Congress will do it by "**expressly**" extending the Secretary's authority and by leaving no doubt that said authority has been "expressly" extended by Congress to a particular area outside "**the District of Columbia**."  The definition of "expressly" from Black's Law Dictionary, 6th Ed. is as follows:

> "In an express manner; in direct and <u>unmistakable</u> terms; <u>explicitly</u>; <u>definitely</u>; <u>directly</u>. *St. Louis Union Trust Co. v. Hill*, 336 Mo. 17, 76 S.W.2d. 685, 689. <u>The opposite of impliedly</u>. *Bolles v. Toledo Trust Co.*, 144 Ohio St. 195, 58 N.E.2d. 381, 396." (Emphasis added)

2.17    Any exception to or extension of the limitations of 4 USC § 72 upon any office of the government is to be authorized "expressly" by Congress in United States "law".  **No court, which includes this court**, is empowered to extend the authority of the Secretary to any other place other than "the District of Columbia, and not elsewhere, except as otherwise **expressly** provided by law".

a.  Boggs has recently discovered examples of "expressly" provided law by which Congress extended the Secretary's authority outside "the District of Columbia".  These examples are as follows:

a.  48 USC § 1612(a) is cited herein as follows:

> *(a) Jurisdiction.   The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited*

MOTION TO VACATE JUDGEMENT          Lack of Territorial Jurisdiction

*to, the diversity jurisdiction provided for in section 1332 of title 28, United States Code, and that of a bankruptcy court of the United States.* **The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or of the amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands. Any act or failure to act with respect to the income tax laws applicable to the Virgin Islands which would constitute a criminal offense described in <u>chapter 75 of subtitle F of the Internal Revenue Code of 1954</u>** *[26 USCS § § 7201 et seq.]* **shall constitute an offense against the government of the Virgin Islands and may be prosecuted in the name of the government of the Virgin Islands by the appropriate officers thereof in the District Court of the Virgin Islands** *without the request or consent of the United States attorney for the Virgin Islands, notwithstanding the provisions of section 27 of this Act [48 USCS § 1617]. (Emphasis added)*

and

b.  48 USC § 1397. Income tax laws of United States in force; payment of proceeds; levy of surtax on all taxpayers

> **The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States**, except that the proceeds of such taxes shall be paid into the treasuries of said islands: Provided further, That, notwithstanding any other provision of law, the Legislature of the Virgin Islands is authorized to levy a surtax on all taxpayers in an amount not to exceed 10 per centum of their annual income tax obligation to the government of the Virgin Islands.

and

c.  48 USC § 1421i. Income tax

(a)  Applicability of Federal laws; separate tax

> **The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam**: Provided, That notwithstanding any other provision of law, the Legislature of Guam may levy a separate tax on all taxpayers in an amount not to exceed 10 per centum of their annual income tax obligation to the Government of Guam.

and

MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

    d.  48 USC § 1801. Approval of **Covenant to Establish Commonwealth of Northern Mariana Islands**

            The Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, the text of which is as follows, **is hereby approved**.

and

    e.  the Covenant which was approved by Congress states in part:

        (a)  "Article VI

        (b)  "revenue and taxation

        (c)  "Section 601. (a) **The income tax laws in force in the United States will come into force in the Northern Mariana Islands as a local territorial income tax** on the first day of January following the effective date of this Section, **in the same manner as those laws are in force in Guam**."

Under the NOTES under References in Text it states:

"The income-tax laws in force in the United States of America, referred to in text, are classified to **Title 26, Internal Revenue Code**."

2.18    Unless Congress through United States law "expressly" grants to the Secretary the authority to Act outside "the District of Columbia" (the "WHERE" or venue), any non-specific and general authority dealing with "WHO" has authority or "WHAT" authority is given to a particular office is to be construed as limited to and restricted exclusively to "the District of Columbia, and **NOT ELSEWHERE**," pursuant to 4 USC § 72. (See Exhibit 1: Memorandum of Law – Brief Regarding 4 USC § 72 and Exhibit 6 – Seat of Government – Statutes at Large).

2.19    Boggs maintains that Congress has not "**expressly**" authorized the Secretary nor Counsel to act within the several states (non-federal land) with respect to the subject of this action and the authority of the Secretary. Thus, the citing of any section of Title 26 without also citing the law by which Congress has "expressly" extended the authority of the Secretary to administer and enforce said internal revenue laws outside "the District of Columbia, and not

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

elsewhere" and within the several states **does not meet the litmus test standards of 4 USC §**
**72**.  The rights of Boggs to due process require that Plaintiff(s) prove the Secretary's said
jurisdiction and the law by which Congress has so "expressly" extended the Secretary's authority
in Title 26 or elsewhere, with respect to this instant case, to the several states, before this court
can presume to have territorial jurisdiction in this matter. If the court does not have territorial
jurisdiction, then this court also lacks subject-matter, and *in personam* jurisdiction as well.

    2.20    **This is the crux of the territorial jurisdiction issue!**  Title 26 sections refer to
WHAT the Secretary can do or WHAT authority the Secretary and this court can enforce not
WHERE (the venue) the Secretary can exercise his authority.  **This court is required by law to**
**take mandatory judicial notice and not ignore this issue.** (See Exhibit 1: MEMORANDUM
OF LAW Brief Regarding 4 USC § 72). Unless Congress has "expressly" extended the authority
of the Secretary to the geographical area of the several states, the Secretary does not have the
express authority given by Congress to refer the prosecution of Boggs with respect to any section
of Title 26 outside "the District of Columbia, and not elsewhere" and within the several states
pursuant to 4 USC § 72. (See Exhibit 1: MEMORANDUM OF LAW Brief Regarding 4 USC §
72, Exhibit 5: Bouvier's Law Dictionary, and Exhibit 6 – Seat of Government – Statutes at
Large).

    2.21    Furthermore, Congress has confirmed its intent to limit the Secretary's authority
to "the District of Columbia, and not elsewhere" pursuant to 4 USC § 72 by the enactment of 26
USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1)) as further described *infra*.


**D. Does the Secretary's alleged delegate have authority to make a referral for prosecution**
**without a delegation of authority to make said referral as an act of "official business"**

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

**outside "the District of Columbia" pursuant to 26 USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1)?**

2.22    Boggs points out to this court that Congress has restricted delegates of the Secretary and the Commissioner (i.e., allegedly IRS Agents) from leaving "the District of Columbia" and entering the several states without lawful authority from the Secretary and the Commissioner.  In 1994, 26 USC § 7803(b)(1) Congress mandates in part the following:

"(b) Appointment and supervision

"(1) Designation of Post of Duty

"The Secretary shall determine and <u>designate</u> the posts of duty of all such persons engaged in field work or traveling on official business **outside the District of Columbia**."[2] (*Emphasis added*)

2.23    The current re-codified rendition of the same law is now found in 26 USC § 7804(b)(1) and reads as follows:

"(b) Posts of duty of employees in field service or traveling

"<u>Unless otherwise prescribed by the Secretary</u>—

"(1) Designation of post of duty

"The Commissioner shall determine and <u>designate</u> the posts of duty of all such persons engaged in field work or traveling on official business **outside of the District of Columbia**."[2] (*Emphasis added*)

2.24    To confirm whether the Secretary or his delegate had or has the authority to make a referral with regard to Boggs and to engage the Grand Jury in this matter, the record in this case is barren and void as to where the delegation of authority from the Secretary to the Commissioner or other alleged delegates which "designate" that the complaining delegate Agent has a "post of duty" "outside the District of Columbia" to make said referrals as an act of

---

[2] Said field service personnel which have been so designated outside the District of Columbia by the Secretary or the Commissioner can be designated to work inside the District of Columbia and then Reassigned, by delegation of

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

"official business" pursuant to 26 USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1))

and 4 USC § 72? Therefore, Boggs contends that no such lawful delegation of authority exists –

why, again due to the fact the record in this case is void and barren of any evidence to the

contrary. It certainly has not been published in the federal register. If no such United States law

can be produced by Plaintiff, or Counsel cannot produce the express delegation of authority by

which the alleged delegates of the Secretary can make referrals for prosecution within the several

states, then this court has no alternative but to accept the fact that the Secretary has no lawful

authority "expressly" granted to him by Congress. Therefore, a reasonable mind can conclude no

authority ever existed to make any referral of this type of action to the DOJ for prosecution in the

several states and therefore in this case is clearly unlawful for a Grand Jury to be convened

within the several states for the purpose of securing a fraudulent and unlawful indictment (True

Bill) against Boggs for violations of United States law which do not extend to Boggs who lives

and works within the several states and outside "the District of Columbia".

2.25    NOTE - IRS Special Agent Rae was personally asked by Boggs specifically for

his "Delegation of Authority" pursuant to 4 USC 72 in his initial contact AND post-interview

letter dated Aug. 17, 2018, but never received a response! Therefore, one can reasonability

conclude from Rae's silence that NO such authority exists. (See **Exhibit 2:** August 17, 2018,

Letter to IRS Special Agent Rae). This alone constitutes willful, intentional, and malicious fraud

on Rae's behalf upon Boggs, the DOJ, the Plaintiff, and this court.

///

///

///

---

authority, to a designated post of duty back outside the District of Columbia after their work is done (See 26 USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1)).

MOTION TO VACATE JUDGEMENT, territorial jurisdiction.                Page 18 of 23

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

### III. <u>CONCLUSION & VERIFICATION</u>.

3.1    To punish a person for doing what the law plainly permits is a due process violation of the most basic sort. (See *Bordenkircher v. Hayes*, 434 US 357, 363 (1978); *US v. Goodwin*, 457 US 368, 372 (1982); *US v. Tarallo*, 380 F.3d 1174, 1194 (CA9 2004); *Nulph v. Cook*, 333 F.3d 1052, 1056 (CA9 2002); *White v. Ford Motor Co.*, 312 F.3d 998, 1019-20 (CA9 2000); *US v. Murphy*, 65 F.3d 758, 762 (CA9 1995)).

3.2    There is no offense before this court, as required by 18 USC § 3231. Therefore, the conduct complained of by the Plaintiff is perfectly legal, as proven through Plaintiff's inability to prove that Boggs owes an income tax under 26 USC, or an income tax imposed upon the fair market value of his personal services actually performed. Any statement to a grand jury in this case claiming that Boggs has criminal intent is patently false and an egregious, malicious fraud intended to cause undue harm upon Boggs for simply having an unrefuted understanding of the law and acting upon that unrefuted understanding, which has been the case for years. Therefore, Boggs's conviction is null and void and this court's only honorable option is to immediately vacate and void judgement with prejudice.

3.3    Since the court lacks jurisdiction in this case, be it territorial, subject-matter, or *in personam*, it therefore renders any / all action(s) against Boggs null, void and ripe to be immediately vacated with prejudice. (See Article 1, Section 8, Clause 17) This includes ALL FEDERAL AND STATE CORPORATE FRANCHISES who do not have jurisdiction over the living man or woman. (See Exhibit 1: MEMORANDUM OF LAW Brief Regarding 4 USC § 72, Exhibit 4: Notice to the Court; and Exhibit 5: Bouvier's Law Dictionary).

MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

    3.4      When this court has knowledge that the record is barren of <u>ANY</u> evidence of territorial, subject-matter, *in personam* jurisdiction and knowingly proceeds without said jurisdiction then this court loses all judicial immunity and is therefore subject to criminal and civil liability. (See Article 2, Section 4) (This is the Impeachment Clause which is used to punish civil officers and Judges when they do not honor the Common Law) also note (Article 4, Section 4 which is the guarantee clause that the United States Courts have legislating codes and are to protect one after notified by the United States procedures). (See Exhibit 4: Notice to the Court).

///

///

///

///

///

///

MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

**Cites in Support of Motion to Vacate:**

- All federal legislation applies **only within the territorial jurisdiction of the United States unless a contrary intent is manifest.**[3] (See Article 1, Section 8, Clause 17) (Which limits UNITED STATES Jurisdiction to Washington D.C. and its enclaves or its Federal States).

- "Before a court may exercise judicial power to hear and determine a criminal prosecution, that *court must possess three types of jurisdiction: jurisdiction over the defendant, jurisdiction over the alleged crime, and territorial jurisdiction.*" Const. Art. 1 sec. 9; *State v. Legg*, 9 S.W.3d 111 (1999).

- "*Without jurisdiction, criminal proceedings are a nullity.*" See *State v. Inglin*, 592 N.W.2d 666, 274 Wis.2d 764 (1999).

- **"Under the theory of 'territorial jurisdiction,' jurisdiction to subject the accused to criminal prosecution rests in the courts of the state**[4] in which the crime is committed." See *State v. Liggins*, 557 N.W.2d 263, denial of post-conviction relief confirmed 2000 WL 1827164 (1996).

- **"Territorial jurisdiction is an essential element of a crime, and a state is required to prove it beyond a reasonable doubt."** -Id.

---

[3] See *Caha v. United States*, 152 U.S. 211, 215, 14 S.Ct. 513 (1894); *American Banana Company v. United Fruit Company*, 213 U.S. 347, 357, 29 S.Ct. 511 (1909); *United States v. Bowman*, 260 U.S. 94, 97, 98, 43 S.Ct. 39 (1922); *Blackmer v. United States*, 284 U.S. 421, 437, 52 S.Ct. 252 (1932); *Foley Bros. v. Filardo*, 336 US.S. 281, 285, 69 S.Ct. 575 (1949); *United States v. Spelar*, 338 U.S. 217, 222, 70 S.Ct. 10 (1949); *United States v. First National City Bank*, 321 F.2d 14, 23 (CA2 1963).
[4] FRCrP 1(b)(9) - "State" includes the District of Columbia, and any commonwealth, territory, or possession of the United States.

MOTION TO VACATE JUDGEMENT                    Lack of Territorial Jurisdiction

- **"Territorial jurisdiction… is question of state's power to prosecute and punish accused for crime and must be proven beyond reasonable doubt."** See *People v. al-Ladkani*, 647 N.Y.S.2d 666, 169 Misc.2d 720 (1996).

///

///

///

///

///

///

///

///

///

MOTION TO VACATE JUDGEMENT                Lack of Territorial Jurisdiction

**Verification:**

3.5     I, Richard Boggs, with full reservation of rights, do hereby declare under penalties of perjury that I have not violated any laws <u>to my knowledge,</u> [5] that the foregoing statements are true and correct, and that I do not believe in the least or for one second that the Plaintiff nor this Court has the Territorial, Subject-matter, nor *In Personum* Jurisdiction to lawfully adjudicate whether or not 26 USC imposes any requirement of any nature upon me, to pay any tax or to file any forms. (28 USC § 1746).

3.6     Executed under penalties of perjury this 24ᵗʰ day of April 2023.


Richard Boggs (beneficiary)
for the Defendant, sui juris

3.7     The above affirmation was subscribed and duly sworn to before me this 24 day of April 2023, by Richard Boggs.

3.8     I, Christopher Anderson, am a Notary under license from the State of South Carolina whose commission expires on 06/08/2031, and be it known by my hand and my Seal as follows:


Notary signature

Christopher Anderson
Notary Public for South Carolina
Commission Expires: 06/08/2031

---

[5]  See *SCR Joint Venture, L.P. v. Warshawski*, 559 F.3d 133, 138-39 (CA2 2009).

MOTION TO VACATE JUDGEMENT, territorial jurisdiction.          Page 23 of 23