**Exhibit 1**

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

### At Columbia

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) No. **3:22-cr-00221** |
| | ) |
| | ) **DEFENDANT'S SUPPLEMENTAL** |
| | ) **MEMORANDUM IN SUPPORT** |
| **vs.** | ) **TO VACATE JUDGEMENT.** |
| | ) |
| | ) **LACK OF TERRITORIAL JURISDICTION,** |
| **RICHARD BOGGS,** | ) **THUS, LACK OF SUBJECT MATTER** |
| **Defendant** | ) **AND IN PERSONAM JURISDICTION.** |
| | ) |

---

## MEMORANDUM OF LAW

### Brief Regarding 4 USC § 72 and
### The Secretary's Authority in the Several States

1.  4 USC § 72, which is positive law, mandates that all offices of government are restricted to "the District of Columbia, and not elsewhere" unless Congress "expressly" extends their granted authority to other geographical areas by United States law.

> "**All offices** attached to the seat of government **shall** be exercised **in the District of Columbia**, and **not elsewhere**, except as otherwise **expressly** provided by **law**." 4 USC § 72 (Emphasis added).

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

    2.    United States law 4 USC § 72 provides the litmus test for the jurisdiction of every office attached to the seat of government; which includes the Secretary and his alleged Delegates.

    3.    4 USC § 72 is concerned with the venue or "WHERE" offices of the United States can exercise their authority and not WHAT said offices can do. The breakdown of this law is as follows:

      a.    **ALL** offices attached to the seat of government are contemplated in this law and not just some offices – this includes the Secretary, the IRS and the Department of Justice ("DOJ"), etc.;

      b.    The provisions of 4 USC § 72 are mandatory by the use of the word "**shall**" by Congress. In other words, this is not an optional consideration for any United States officer, Court or Agency;

      c.    The "exercise" of ALL government offices is by default limited to "the District of Columbia, and not elsewhere." This means that "the District of Columbia" is the starting place for jurisdiction not the exception;

      d.    An exception can be made to said limitations of ALL offices to "the District of Columbia, and not elsewhere." As set forth in 4 USC § 72, authority to act outside "the District of Columbia" must be "otherwise _expressly_ provided by law." This means that if Congress intends to extend the authority of a particular office of the United States to areas outside "the District of Columbia," it shall "_expressly_" delegate, grant and extend said authority in United States law; and

e.  Any "expressly" delegated exception to the limitations of an officer's authority to that of "the District of Columbia, and not elsewhere" is to be authorized by Congress in "law."   Since Congress (Legislative Branch) has the exclusive authority to create law for the United States (District of Columbia) and the territories and insular possessions, exceptions to the mandate of 4 USC § 72 shall be found only in United States law and not in Codes of Regulations or presidential executive orders (Executive Branch) or in Supreme Court rulings (Judicial Branch).   Only Congress by United States law can authorize, grant or extend the authority of any government office outside "the District of Columbia," pursuant to 4 USC § 72.

4.   The Supreme Court agrees:

"Official powers cannot be extended beyond the terms and necessary implications of the grant. If broader powers be desirable, **they must be conferred by Congress.**" *Federal Trade Commission v. Raladam Co.*, 283 U.S. 643, 51 S.Ct. 587 (1931)(Emphasis added)

5.   One of the key words in 4 USC § 72 is the word "__expressly__."  This means that when Congress extends the authority of any office or officer of the United States outside "the District of Columbia, and not elsewhere," Congress will do it by "expressly" extending the Secretary's authority and by leaving no doubt that said authority has been "expressly" extended by Congress to a particular geographical area outside "the District of Columbia."   The definition of "expressly" from Black's Law Dictionary, 6th Ed. is as follows:

"In an express manner; in direct and __unmistakable__ terms; __explicitly__; __definitely__; __directly__. *St. Louis Union Trust Co. v. Hill*, 336 Mo. 17, 76 S.W.2d. 685, 689.  __The opposite of impliedly__.  *Bolles v. Toledo Trust Co.*, 144 Ohio St. 195, 58 N.E.2d. 381, 396." (Emphasis added)

6.   Any exception to the limitations of 4 USC § 72 is to be authorized "expressly" by Congress in United States "law".   The Courts are not empowered to extend the authority of the

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

Secretary to any other place other than "the District of Columbia" (see case cited in ¶ 21.c herein).

7.  What follows are examples of United States by which Congress has "expressly" extended the Secretary's authority outside "the District of Columbia:"

    a.  48 USC § 1612(a) is cited herein as follows:

        Jurisdiction.  The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28, United States Code, and that of a bankruptcy court of the United States. **The District Court of the Virgin Islands shall have exclusive jurisdiction over all criminal and civil proceedings in the Virgin Islands with respect to the income tax laws applicable to the Virgin Islands, regardless of the degree of the offense or of the amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands. Any act or failure to act with respect to the income tax laws applicable to the Virgin Islands which would constitute a criminal offense described in <u>chapter 75 of subtitle F of the Internal Revenue Code of 1954</u>** [26 USCS § § 7201 et seq.] **shall constitute an offense against the government of the Virgin Islands and may be prosecuted in the name of the government of the Virgin Islands by the appropriate officers thereof in the District Court of the Virgin Islands** without the request or consent of the United States attorney for the Virgin Islands, notwithstanding the provisions of section 27 of this Act [48 USCS § 1617]. (Emphasis added)

and

    b.  48 USC § 1397. Income tax laws of United States in force; payment of proceeds; levy of surtax on all taxpayers

        **The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States,** except that the proceeds of such taxes shall be paid into the treasuries of said islands: Provided further, That, notwithstanding any other provision of law, the Legislature of the Virgin Islands is authorized to levy a surtax on all taxpayers in an amount not to exceed 10 per centum of their annual income tax obligation to the government of the Virgin Islands.

and

   c.  48 USC § 1421i. Income tax

Applicability of Federal laws; separate tax

**The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam:** Provided, That notwithstanding any other provision of law, the Legislature of Guam may levy a separate tax on all taxpayers in an amount not to exceed 10 per centum of their annual income tax obligation to the Government of Guam.

and

   d.  48 SC § 1801. Approval of **Covenant to Establish Commonwealth of Northern Mariana Islands** That the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, the text of which is as follows [note to this section], **is hereby approved**.

and

   e.  the Covenant which was approved by Congress states in part:

"Article VI

"revenue and taxation

"Section 601. (a) **The income tax laws in force in the United States will come into force in the Northern Mariana Islands as a local territorial income tax** on the first day of January following the effective date of this Section, **in the same manner as those laws are in force in Guam.**"

Under the NOTES under References in Text it states:

"The income-tax laws in force in the United States of America, referred to in text, are classified to **Title 26, Internal Revenue Code.**"

8.  In 55 Stat. 685, the War Department (later renamed to Department of Defense ("DOD")) was "expressly" authorized by Congress to enter Arlington Country, Virginia and occupy an office building on land which had already been designated and approved for the Department of Agriculture.  This shows conclusively that even when the federal government has "expressly" authorized one office of the government to operate and function outside the District of Columbia and within one of the several 50 union states ("several states") (Virginia) pursuant to 4 USC § 72, another office of the government seeking to operate in the same area outside the

Brief Regarding 4 USC § 72                          Lack of Territorial Jurisdiction

District of Columbia, obtains the "expressly" granted authority by Congress for that specific

office to operate in said specific geographical area outside the District of Columbia.

9.   Unless Congress through United States law "expressly" grants to the Secretary the

authority to Act outside "the District of Columbia" (the "WHERE"), any non-specific and

general authority dealing with "WHO" has authority or "WHAT" authority is given to a

particular office attached to the seat of government is to be construed as limited to and restricted

to "the District of Columbia, and **NOT ELSEWHERE**," pursuant to 4 USC § 72.

10. U.S. Attorneys have been unable to find and submit into evidence any such United

States law by which Congress "expressly" extends the authority of the Secretary to the several

states [1] in like manner as Congress has so "expressly" extended the authority of the Secretary to

the Virgin Islands, Guam and the Northern Mariana Islands; soil over which Congress has

"exclusive" legislative jurisdiction in contradistinction to the several states; soil over which

Congress has "limited" and NOT "exclusive" legislative jurisdiction.

11. In addition to the mandates of 4 USC § 72, Congress has also enacted United States

law which restricts the delegates of the Secretary and the Commissioner from leaving "the

District of Columbia" and entering the several states without designated authority from the

Secretary and the Commissioner.  In 1994, 26 USC § 7803(b)(1) stated in part the following:

"(b) Appointment and supervision

---

[1] Of Course, if said law did exist, why wouldn't the Courts and U.S. Attorneys simply just present said law for all to see?  What could be simpler?  However, at least 40 U.S. Attorney's have been asked to present said authority and not one has been able to bring forward any said "expressly" delegated authority in United States law.  Instead, they have claimed that claims based on 4 USC § 72 are frivolous without themselves offering any law in support of the notion that said jurisdiction claims are in fact frivolous or as in the case of *Walden v. U.S.*, #A-05-CA-444-LY, U.S. District Court, Austin, TX, the Court issues a protective order so the United States does not have to expose the Material Fact that Congress has not so "expressly" extended the authority of the Secretary to the several 50 union states.  Courts which simply declare that the IRS or the Secretary can exercise their authority without at the same time substantiating said declaration with an "expressly" extended authority granted by Congress in United States law is nothing more than an opinion and bears no weight when deciphering United States law 4 USC § 72 and determining if the Secretary has jurisdiction in the several states pursuant thereto.

Brief Regarding 4 USC § 72                                      Page 6 of 28

"(1) Designation of Post of Duty

"The Secretary shall determine and <u>designate</u> the posts of duty of all such persons engaged in field work or traveling <u>on official business outside the District of Columbia</u>." [2] (*Emphasis added*)

12. The current rendition of the same law is now found in 26 USC § 7804(b)(1) and reads as follows:

"(b) Posts of duty of employees in field service or traveling

   "<u>Unless otherwise prescribed by the Secretary</u>—

   "(1) Designation of post of duty

   "The Commissioner shall determine and <u>designate</u> the posts of duty of all such persons engaged in field work or traveling <u>on official business outside of the District of Columbia</u>." [2] (*Emphasis added*)

13. To confirm whether the Secretary, the Commissioner or their delegate IRS Agents have the authority to administer and enforce internal revenue laws within the several states, where is the delegation of authority from the Secretary to the Commissioner or other alleged delegates which "designate" that IRS agents or delegates acting on behalf of the Secretary have a "post of duty" in geographical areas "outside the District of Columbia" and within the several states for the purpose of conducting "official business" pursuant to 26 USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1)) and 4 USC § 72? Since U.S. Attorneys cannot produce said law or said delegation of authority, it can only be concluded that no such delegation of authority exists in United States law. For this reason, no designation has been published in the federal register thereby giving notice to Citizens in the several states of the extended powers of the Secretary and his delegates. If no such United States law exists, then the Secretary has no authority "expressly" granted to him by Congress which he can exercise with the several states.

---

[2] Said field service personnel which have been so designated outside the District of Columbia by the Secretary or the Commissioner can be designated to work inside the District of Columbia and then Reassigned, by delegation of authority, to a designated post of duty back outside the District of Columbia after their work is done (See 26 USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1)).

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

14. This should remove all doubt and should confirm to the reader that Congress does in fact "expressly" extend the authority of the Secretary to other locations outside "the District of Columbia" in United States law when it intends to do so. In fact, if Congress follows the mandates of 4 USC § 72 with regard to the Virgin Islands, Guam and the Northern Mariana Islands— territories or insular possessions of the United States over which it has exclusive legislative authority—why shouldn't Congress also follow the mandates of 4 USC § 72 with respect to the several states—areas over which it does NOT have exclusive legislative jurisdiction? There is no legal argument or basis in law by which one can sustain the contention that Congress follows the mandates of 4 USC § 72 in territories or insular possessions of the United States over which it has a greater "exclusive" legislative authority and Congress ignores the mandates of 4 USC § 72 in areas such as the several states over which Congress has only a lesser "limited" legislative or constitutional authority.

15. It has been long established by the Courts that *in personam* and subject-matter jurisdiction are paramount to an Agencies authority to act[3]. The following ruling demonstrates that it is not frivolous for one to demand, from an Agent (see Exhibit 1 of supported Motion)

---

[3] "district courts must decide issues of subjectmatter jurisdiction first, reaching issues of personal jurisdiction "only if subject-matter jurisdiction is found to exist." 145 F. 3d, at 214. Noting Steel Co. `s instruction that subject-matter jurisdiction must be "'established as a threshold matter,' " 145 F. 3d, at 217 (quoting 523 U. S., at 94)," Ruhrgas Ag v. Marathon Oil Co., 526 US 574, 582. 1999

"These distinctions do not mean that subject-matter jurisdiction is ever and always the more "fundamental." Personal jurisdiction, too, is "an essential element of the jurisdiction of a district . . . court," without which the court is "powerless to proceed to an adjudication." Employers Reinsurance Corp. v. Bryant, 299 U. S. 374, 382 (1937). Cited in Ruhrgas Ag v. Marathon Oil Co., 526 US 574, 584

a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry. Ruhrgas Ag v. Marathon Oil Co., 526 US 574, 578. 1999

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for Better Environment, 523 US 83, 94 1998

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

acting on behalf of the Secretary, what Act of Congress "expressly" extends the authority of the Secretary outside "the District of Columbia" to the several states pursuant to 4 USC § 72:

> "The laws of Congress in respect to those matters do not extend into the territorial limits of the States, but have force <u>only in the District of Columbia</u>, and other places that are within the **exclusive** <u>jurisdiction of the national government</u>." *Caha v. United States,* 152 US 211 (Emphasis added)

16. The location of "United States", as defined by law, further confirms that the authority of the Secretary is restricted to "the District of Columbia, and not elsewhere." The Uniform Commercial Code at § 9-307(h) states:

> "(h) The United States is located in the District of Columbia."

17. This exact provision is expressly reflected in various state codes, including, but not limited to, South Carolina specifically.[4]:

> "(h) The United States is located in the District of Columbia."

18. Unless the Secretary or his delegates (IRS) as a complaining party in any action can establish that Congress has "expressly" extended the authority of the Secretary outside "the District of Columbia" to the several states, any Actions of any employee of the United States and delegate of the Secretary are null and void:

- *"**Without jurisdiction, criminal proceedings are a nullity**."* See *State v. Inglin,* 592 N.W.2d 666, 274 Wis.2d 764 (1999). (Emphasis added)
- ***Where the court is without jurisdiction, it has no authority to do anything other than to dismiss the case***." See *Fontenot v. State*, 932 S.W.2d 185. (Emphasis added)

19. There is no law to rebut the facts and law as presented herein relative to 4 USC § 72. It is required that jurisdiction appear on the record pursuant to 4 USC § 72. Failure to do so is a denial of Petitioner's rights to due process[5].

---

[4] See South Carolina Code, Title 36 – Commericial Code, Section 36-9-307(h).

Brief Regarding 4 USC § 72                                        Page 9 of 28

Brief Regarding 4 USC § 72                           Lack of Territorial Jurisdiction

20. There is no public or court record whereby the Secretary or his delgates have produced the United States law which grants them leave from "the District of Columbia" and entry in the several states. Such silence of the Secretary and his delegates operates as an estoppel.[6] (See Exhibit 1 of the Motion to Vacate where in 2018 Delegation of Authority per 4 USC § 72 was expressly requested of IRS Agent Rae, but **NOT** provided).

21. No one should submit to being deceived by the smoke and mirror tactics of U.S. Attorney's. Non-responsive answers to inquiries to date. Some of these non-responsive answers are as follows:

    a. Treasury Order 150-10 (See ¶ 27) extends the Secretary's authority to the Commissioner.

        i. This Treasury Order does not address the "expressly" delegated authority of the Secretary;

        ii. Furthermore, this is a general delegation of authority which addresses "WHAT" the Commissioner can do and does not address "WHERE" the Commissioner can exercise the Secretary's authority pursuant to 4 USC § 72;

---

[5] See *State of Rhode Island v. State of Massachusetts*, 37 US 709, 718 (1838); *KVOS v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 200, 31 L.Ed. 183 (1936): "…[w]here the allegations…are challenged by the defendant in an appropriate manner, *the plaintiff must support them by competent proof."* See also *F & S Contr. Co. v. Jensen*, 337 F.2d 160, 161-162, (10th Cir.1963) ("*[I]t is now settled that when there is an issue as to the sufficiency of jurisdictional amount, the burden of providing jurisdiction is on the party asserting it. City of Lauden, Okla. v. Chapman*, 257 F.2d 601 (10th Cir.); *McNutt v. General Motors Acceptance Corp.*, 289 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. Further more, statutes conferring jurisdiction . . . are to be strictly construed *and doubts resolved against federal court's jurisdiction*. Aetna Ins. Co. v. Chicago R.I. & P.R.R.*, 229 F.2d 584 (10th Cir.); *Hely v. Ratta*, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248."

[6] "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading... This sort of deception will not be tolerated and if this is the routine it should be corrected immediately." See *U.S. v. Tweel*, 550 F.2d 297.

Brief Regarding 4 USC § 72                                                        Page 10 of 28

Brief Regarding 4 USC § 72                              Lack of Territorial Jurisdiction

   iii. Nothing in TDO 150-10 "expressly" extends the authority of the Commissioner to the several states;

   iv. Furthermore, this Treasury Order has not been published in the Federal Register, pursuant to 44 USC § 1505 and 5 USC § 553 and therefore it is not applicable to the Citizens in the several states. The Secretary admits this by his ruling in 1953,[7] where he requires all divisions or units of the IRS to publish in the Federal Register any item of concern to the American public. This was even more clearly stated in 1955[8] as follows:

> "*It* ***shall*** *be the policy* ***to publish for public information*** *all statements of practices and procedure issued primarily for internal use, and, hence, appearing in internal management documents, which* ***affect rights or duties*** *of taxpayers or other members of the public under the Internal Revenue Code and related statutes.*" (Emphasis added)

   v. Since TDO 150-10 has not been published in the Federal Register, it is not applicable to Citizens in the several states; and

   vi. Therefore, citing TDO 150-10 is non-responsive to the mandates of 4 USC § 72.

  b. U.S. Attorneys have cited *Hughes v. U.S.,* 953 F.2d 531, 542-43 (9th Cir. 1991) in response to the jurisdictional challenges regarding the Secretary. The *Hughes* ruling claims that "4 USC § 72 does not foreclose the authority of the IRS outside the District of Columbia." The only reason given by the *Hughes* Court is that the President in 26 USC § 7621 is authorized to establish internal

---

[7] Revenue Ruling 2 (1953-1 CB 484).
[8] Rev Procd. 55-1 (1955-2 CB 897)

Brief Regarding 4 USC § 72                          Lack of Territorial Jurisdiction

revenue districts outside Washington, D.C.[9] This argument fails every aspect of the 4 USC § 72 litmus test as follows:

i. Establishing internal revenue districts <u>outside Washington, D.C.</u> does not have the same effect <u>in law</u> as establishing internal revenue districts <u>within the several states</u>; especially in light of 4 USC § 72. It has been cited herein that the Secretary can indeed leave Washington, D.C. and enter The Virgin Islands, Guam and the Northern Marianas (to name three other geographical locations)  The issue is can he enter the several states?;

ii. 4 USC § 72 mandates that ALL offices associated with the government that have jurisdiction within the several states shall be "expressly" authorized by Congress to act within the several states in United States law.  Authorizing the office of President in 26 USC § 7621 does not "expressly" authorize the office of Secretary when the Secretary is not even mentioned;

iii. The term ALL OFFICES, whether defined or not, includes all offices associated with the seat of government.  If this refers to buildings, then ALL BUILDINGS are to be in "the District of Columbia, and not elsewhere" unless Congress "expressly" provides otherwise in United States law.  It is unlikely that Congress intended that the term "offices" would refer to buildings since buildings cannot exercise any authority

---

[9] Congress has "expressly" extended the authority of the Secretary to the Virgin Islands with respect to 26 USC Chapter 75 and this area is obviously outside "the District of Columbia" but not remotely associated with the several states.

Brief Regarding 4 USC § 72

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

at all; only people can exercise authority and it is the authority of said offices which must be "exercised" within only "the District of Columbia, and not elsewhere";

iv. With few exceptions, it is the Secretary who is authorized by Congress to write all needful rules and regulations for the administration and enforcement of Title 26 (See 26 USC §§ 7801, 7805). Therefore it is that Office which must acquire express leave by Congress to act within the several states, NOT that of the President. The *Hughes* Court implies in error that 26 USC § 7621 is the "expressly" stated grant of leave issued by Congress as required under 4 USC § 72, claiming that the office of the President of the U.S. is somehow the same office as that occupied by the Secretary.

v. The term "State" as used in 26 USC § 7621 includes "the District of Columbia" (see 26 USC § 7701(a)(10))[10]. Even if "State" could be concluded to include the several states, this definition does not "expressly" extend the office of Secretary to the several states when the several states are not "expressly" mentioned in the meaning of "State" as used in § 7621 (see § 7701(a)(10)). A "definition" is a limitation upon the term defined and it excludes what is not specifically included (See any dictionary or Black's Law Dictionary 6th Edition). Without rebuttal to the contrary, Congress has limited the

---

[10] Under this definition, Alaska and Hawaii were removed from applicability upon receiving freely associated compact state status (See P.L. 86-624, § 18(j); P.L. 86-70, § 22(a)). The several states are "countries" (See 28 USC § 297(b)).

Brief Regarding 4 USC § 72                                    Page 13 of 28

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

Secretary's authority to "the District of Columbia," the Virgin Islands, Guam and the Northern Marianas (see ¶¶ 7 *supra*), never having "expressly" granted the Secretary the statutory leave to exercise his authority in the several states.

vi. Moreover, there is no evidence in the *Hughes* case or in any other case to establish the material fact that the President has established said internal revenue districts[11] in the several states[12]? However, there is evidence that the President established "customs districts," but no internal revenue districts have ever been established by the President within the several states.[13]  If one argues that the President has authorized the Secretary to create internal revenue districts, then what evidence can be entered into the record to show that the Secretary has by treasury order or regulation, created said internal revenue districts within the several states?

---

[11] The *Hughes* Court implies that the President's (Secretary's alleged "implied") authority outside Washington, D.C. pursuant to 26 USC § 7621 somehow means that the Secretary's authority has been "expressly" extended to the several states when in fact all the Court said was that the IRS can act outside of Washington, D.C. Congress has indeed extended the Secretary's authority (and presumably the IRS) to areas outside "the District of Columbia" but the several states is not one of those areas.  As a result of this misleading description of the IRS (Secretary's) authority, the Courts continue to promulgate the error that *Hughes* extends the authority of the IRS to the several states which violates the letter and spirit of 4 USC § 72.  To date, no Court or U.S. Attorney has identified one U.S. law by which Congress has "expressly" extended the authority of the Secretary to the several states thereby forcing American Citizens to speculate that no said authority has been established by Congress for the Secretary in the several states.

[12] In 1998, via Executive Order ("E.O.") #10289, as amended, President William J. Clinton authorized the Secretary to establish revenue districts under authority of 26 USC § 7621. Although § 7621 is not listed in the Parallel Table of Authorities and Rules, E.O. #10289 is listed. The implementing regulations for said Executive Order are found in 19 CFR Part 101. Said regulation establishes "*customs collection offices*" in each of the several states; it does not establish "internal revenue districts".  A note at 26 CFR § 301.7621-1 confirms that E.O. #10289 is the <u>only</u> authority for establishing revenue districts.

[13] The burden of proof that said districts have been established by the President within the several states is upon the Court and U.S. Attorneys if they hope to establish jurisdiction on the record. Without said evidence in the record, Respondent and the Courts cannot assume that said districts exist and therefore cannot assume that Secretary has any authority in the several states.

Brief Regarding 4 USC § 72                                        Page 14 of 28

vii. If no internal revenue districts have been established in the several states by the President or even by the Secretary, then out of which internal revenue districts allegedly established by the President within the several states does the Secretary administer and enforce internal revenue laws?

c. Several Court rulings have stated that the IRS can exercise its authority outside the District of Columbia.

 i. Every case cited to date by any U.S. Attorney is off-point. 4 USC § 72 states that any "expressly" granted exception to the limitations of "the District of Columbia, and not elsewhere" as mandated, are to be found in United States law and NOT the Courts.

> *"Official powers cannot be extended beyond the terms and necessary implications of the grant. If broader powers be desirable, **they must be conferred by Congress**." Federal Trade Commission v. Raladam Co., 283 U.S. 643, 51 S.Ct. 587 (1931)(Emphasis added)*

 ii. Generally, all cases cited to date have dealt with WHAT the Secretary can do and not WHERE he can do it. 4 USC § 72 is about the geographical location or WHERE the Secretary can exercise his authority and nothing else.

 iii. Unless one can present the law which so "expressly" extends the authority of the Secretary to the several states, said offices can only exercise their authority within the geographical areas "expressly" authorized by Congress in law (See ¶ 7 *supra*); and

 iv. Therefore citing court rulings is a non-responsive answer.

     d. Judges have recently attempted to protect U.S. Attorneys and the government by stating on the record and in orders that the Citizen is arguing that the Secretary cannot leave "the District of Columbia." Any argument to this effect is a falsification of the record. The contention has always been that he is restricted from ENTERING the several states unless Congress has "expressly" authorized him to do so in United States law. No law, No Authority!

22.    The Courts, U.S. Attorneys, the Secretary, the Commissioner and the IRS have a duty to address the issue of jurisdiction as cited herein. Neither the Courts nor the Secretary and his delegates can enforce internal revenue laws within the several states without the Secretary having a clear and "expressly" granted authority to exercise his authority within the several states. To do so would be a denial of Petitioner's rights to due process and his/her right to the protections afforded by United States law—4 USC § 72 and 26 USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1)—to not be bothered by the government (See 18 USC § 242) and if said right is denied or ignored by more than two officers of the United States, said denial constitutes a denial of Petitioner's rights pursuant to 18 USC § 241.

23.    There simply is no "expressly", "unmistakable" and "explicitly" (see definition of "Expressly" in ¶ 4 *supra*) Act of Congress by which Congress has "expressly" extended the authority of the Secretary or that of his alleged Delegates to administer and enforce internal revenue law outside "the District of Columbia" and within the several states with regard to the personal income tax and withholding related thereto.

24.    Moreover, the offices associated with the seat of government are foreign to the several states and this is precisely why the jurisdiction of the United States is restricted to "the District of Columbia, and not elsewhere, except as otherwise <u>expressly</u> provided by <u>law</u>."

"The United States Government is a foreign corporation with respect to a state."
<u>Volume 20: Corpus Juris Secundum</u>, (P 1785: NY re: Merriam 36 N.E. 505 1441
S.Ct. 1973, 41 L. Ed. 287)

25.      The United States Supreme Court removes all doubt by stating this fact in no

uncertain terms:

"The laws of Congress...do not extend into the territorial limits of the states, but
have force only in the District of Columbia, and other places that are within the
<u>exclusive jurisdiction</u> of the national government." <u>*Caha v United States*</u>, 152 US,
at 215 (Emphasis added)

26.      It is not unreasonable to demand said "expressly" delegated authority in light of

the following Treasury Department/Delegation Orders (TDO) by which the Secretary

"expressly" authorized the Commissioner the authority to ACT in certain areas outside "the

District of Columbia":

a.   The Commissioner's authority was published in the Federal Register via Treasury

Department Order (TDO) 150-42 dated July 27, 1956, 21 Fed. Reg. 5852.   It

delegated to the Commissioner the following authority:

"The Commissioner shall, to the extent of authority vested in him,
provide for the administration of the United States Internal Revenue
laws in the <u>Panama Canal Zone</u>, <u>Puerto Rico</u> and the <u>Virgin
Islands</u>."(Emphasis added)

b.   TDO 150-105 of January 24, 1985, Designation of Internal Revenue Districts

states at paragraph 4, U.S. Territories and insular possessions:

"The Commissioner Internal Revenue Service shall, to the extent of
authority otherwise vested in him, provide for the administration of the
United States Internal Revenue laws in the <u>U.S. territories</u> and <u>insular
possessions</u> and other **<u>authorized</u>** areas of the world. [areas authorized
by other delegations of authority]" [14](Emphasis added)

c.   TDO 150-104 of January 24, 1985, Designation of Internal Regions and Regional

Service Centers, at paragraph 4. U.S. Territories and Insular Possessions:

---

[14]   TDO 150-105 of 1/24/85 was superseded by TDO 150-1 2/27/86.

Brief Regarding 4 USC § 72                              Lack of Territorial Jurisdiction

"The Commissioner, Internal Revenue Service shall, to the extent of authority otherwise vested in him, provide for the administration of the United States Internal Revenue laws in the <u>U.S. Territories</u> and <u>insular possessions</u> and other **authorized** areas of the world." (Emphasis added)

d.    Then, in February 27, 1986, the Secretary delegated additional authority to the

Commissioner in TDO 150-01 51 Fed. Reg. 9571 on Page 9573, it states:

"...the Commissioner shall, to the extent of authority otherwise vested in him, provide for the administration of the United States Internal Revenue laws in the "<u>U.S. Territories</u> and <u>insular possessions</u> and other **authorized** areas of the world." (Emphasis added)

e.    TDO 150-01 dated October 27, 1987 at Paragraph 5: <u>U.S. Territories</u> and <u>Insular</u>

<u>Possessions</u>" is identical to TDO 150-01 of Feb. 27, 1986.

f.    TDO 150-01 dated September 28, 1995, at Paragraph 3. <u>U.S. Territories</u> and

<u>Insular Possessions</u>" is identical to TDO 150-01 of October 27, 1987.

"The Commissioner of Internal Revenue shall, to the extent of authority vested in the Commissioner, provide for the administration of the United States internal revenue laws in the **U.S. territories** and **insular possessions** and other areas of the world." (Emphasis added)

27.    In TDO 150-10 the Secretary delegates his authority to the Commissioner as

follows:

"1. <u>The Commissioner of Internal Revenue</u> shall be responsible for the administration and enforcement of the Internal Revenue laws."

28.    Given the fact that TDO 150-10 seems to now give the Commissioner authority to

administer and enforce internal revenue law without any geographical limitations, it must be

noted that the cancellation of TDO 150-01 by TDO 150-02 decommissioned the districts in the

several states and located the 13 offices created by TDO 150-02 within the District of Columbia.

In short, when districts existed within the several states, the Commissioner was authorized by the

Secretary to act only outside the District of Columbia and within the Panama Canal Zone, Puerto

Rico the Virgin Islands, U.S. territories and insular possessions; not within the several states. When the districts are decommissioned in the several states, the commissioner is given authority to act seemingly without any geographic limitations. By this action, one can only conclude that 4 USC § 72 now becomes the limiting factor since Congress has not "expressly" extended the authority of the Secretary to the several states, and the Secretary therefore can only extend his authority granted by Congress to the Commissioner and other delegates in TDO 150-10 to the same geographical areas in which Congress has authorized the Secretary to enter (i.e., the District of Columbia, the Virgin Islands, Guam and the Northern Marianas pursuant to 4 USC § 72, 48 USC §§ 1612(a), 1397, 1421i, 1801 (citing Northern Marianas Covenant § 601), respectively).[15]

29.    Since the Secretary on previous occasions has "expressly" granted authority to the Commissioner, in accordance with the mandates of 4 USC § 72, in specific areas outside "the District of Columbia" — namely "Panama Canal Zone", "Puerto Rico", "the Virgin Islands" and "U.S. territories and insular possessions" — it is not unreasonable for a Citizen to expect the Secretary to follow the same lawful protocol and mandate of 4 USC § 72 and "expressly" grant the Commissioner the authority to administer and enforce internal revenue law outside "the District of Columbia" to geographical areas which include the several states if he intends to grant said express authority to the Commissioner and his Delegates.

30.    All one has to do is show one Act of Congress which "expressly" extends the authority of the Secretary to the several states and this controversy would be over. What could be simpler?

---

[15] There may be other geographical locations so authorized by Congress. However, the several states is not one of those geographical areas; at least 40 U.S. Attorneys have been unable to find said express grant by Congress.

Brief Regarding 4 USC § 72                Lack of Territorial Jurisdiction

31.    It is criminal, in light of the above, for United States Courts and Agencies NOT to presume that the authority of the Secretary, the Commissioner and the IRS is limited and restricted to "the District of Columbia, and not elsewhere" unless it can be shown that Congress has "expressly" extended the of the Secretary in United States law to the several states.

32.    In the recent confirmation hearings of Supreme Court Justices John G. Roberts, Jr. and Samuel Anthony Alito, Jr reiterated numerous times that this country operates under the rule of law and that it is the law and the intent of Congress when it writes said law that dictates the outcome of cases and not the arbitrary decisions of the Court.   If this is true, then the rule of law mandates that no office of the government can exercise their authority outside "the District of Columbia", pursuant to 4 USC § 72, unless Congress "expressly" extends said authority as shown in ¶ 7 *supra*. Following the rule of law in spite of decades of the People's misconceptions and the governments misrepresentations and in spite of the consequences resulting from following the law, is what makes United States Courts honorable.

33.    In footnote 19 of a 1980 case, *U.S. v. Will*, 449 U.S. 200, the court states:

"In another, not unrelated context, Chief Justice Marshall's exposition in Cohens v. Virginia, 6 Wheat, 264 (1821), could well have been the explanation of the Rule of Necessity; he wrote that a court "must take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by, because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. **We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution**. Questions may occur which we would gladly avoid; but we cannot avoid them." *Id.*, at 404 *(Emphasis added)*

34.    Finally, 4 USC § 73 states:

"In case of the prevalence of a contagious or epidemic disease at the seat of government, the President may permit and direct the removal of any or all the public offices to such other place or places as he shall deem most safe and convenient for conducting the public business."

Brief Regarding 4 USC § 72                                              Page 20 of 28

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

35.     Can one presume that Congress intends to hereby grant the President the authority to remove any or all public offices to places outside the United States (i.e. other countries) or is this a grant by Congress to the President to remove offices of the government from "the District of Columbia" and to exercise said offices within the surrounding several states which have not been affected by said epidemic disease?   If a grant for offices attached to the seat of government is not required pursuant to 4 USC § 72 for the several states, then why did Congress make this grant in 4 USC § 73?   Certainly one would not argue that the President was authorized to take our government to another country on another continent?

**Questions Relevant to 4 USC § 72**

Q1. Does 4 USC § 72 restrict the actions of the Secretary to "the District of Columbia, and not elsewhere" unless Congress "expressly" authorizes the Secretary to act in other specific geographical areas outside "the District of Columbia" over which Congress has jurisdiction? [YES]

Q2. Can anyone point to ANY United States law by which Congress has "expressly" extended the authority of the Secretary to administer and enforce internal revenue laws outside of "the District of Columbia, and not elsewhere" and within the several states as mandated by Congress in 4 USC § 72? [NO]

Q3. If one cannot present any such law, then by what authority do the Secretary and the IRS justify their actions outside "the District of Columbia, and not elsewhere" and within the several states? [NONE]

Brief Regarding 4 USC § 72                                        Page 21 of 28

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

Q4. Does the right to due process embrace or exclude one's access to the letter of the law? [Embrace]

The definition of "expressly" from Black's Law Dictionary, 6th Ed. is as follows:

"In an express manner; in direct and <u>unmistakable</u> terms; <u>explicitly</u>; <u>definitely</u>; <u>directly</u>. St. Louis Union Trust Co. v. Hill, 336 Mo. 17, 76 S.W.2d, 685, 689. **The opposite of impliedly**. *Bolles v. Toledo Trust Co.*, 144 Ohio St. 195, 58 N.E.2d. 381, 396." *(Emphasis added).*

Q5. Does 26 USC § 7621 qualify as an "expressly" granted authority to the <u>Secretary</u> to act in areas within the several states or does § 7621 at best present only an "impliedly" granted authority ("the opposite of expressly")? [NO. It presents NO implied authority]

Q6. Does 26 USC § 7621 satisfy the following litmus tests of 4 USC § 72:

    1. "All offices" — the Secretary or just the President?

    2. "shall" — is this mandatory or can the Secretary ignore this law?

    3. "the District of Columbia, and not elsewhere" — is this a restriction to the geographical area of the District of Columbia or not? [YES]

    4. "expressly" — does an implied grant of authority to the President meet the "expressly" criteria of 4 USC § 72? [NO]

Q7. If one cites *Hughes v. United States*, 953 F.2d 531, 542-43 (9th Cir. 1991) in response to inquiries regarding the jurisdictional authority of the Secretary in the several states, does the wording of 4 USC § 72 support the conclusion of the *Hughes* Court which claims that "4 USC § 72 does not foreclose [restrict] the authority of the IRS [Secretary] outside the District of Columbia"? [NO}  Is there anything in the English language that would support the conclusion of the *Hughes* Court?  Especially when the IRS operates under the authority granted by Congress to the Secretary? [NO]

Brief Regarding 4 USC § 72                                   Lack of Territorial Jurisdiction

Q8. The only reason given by the *Hughes* Court for their rendition of 4 USC § 72 is that the President is authorized to establish internal revenue districts outside Washington, D.C. Does this argument meet the 4 USC § 72 litmus test? [NO]

    a.  Is establishing internal revenue districts outside Washington, D.C. the same as "expressly" establishing said districts within the several states; especially in light of 4 USC § 72 when it does not "expressly" authorize **where** those districts are to be established. [NO]

    b.  4 USC § 72 mandates that ALL offices be "expressly" authorized by Congress to act within the several states. Does authorizing the office of President "expressly" authorize the office of Secretary when the Secretary is not even mentioned in 26 USC § 7621? [NO]

    c.  Is the *Hughes* Court correct when it implies that 26 USC § 7621 "expressly" extends the authority of the Secretary to the several states when § 7621 only authorizes the office of the President to act and not the office of the Secretary? [NO]

    d.  With few exceptions, it is the office of Secretary which is authorized by Congress to write all needful rules and regulations for the administration and enforcement of internal revenue laws (See 26 USC §§ 7801, 7805). Therefore, is it specifically the office of Secretary which must acquire "express" permission from Congress to act within the several states pursuant to 4 USC § 72? [YES]

    e.  The term "State" as used in 26 USC § 7621 includes ONLY "the District of Columbia" (see 26 USC § 7701(a)(10)) (See Footnote [10]). Even if "State" could be

Brief Regarding 4 USC § 72                                                    Page 23 of 28

Brief Regarding 4 USC § 72                                    Lack of Territorial Jurisdiction

concluded to include the several states by implication only, does this definition "expressly" extend the office of Secretary or does it allegedly extend the office of President and does it "expressly" extend said authority to the several states when the several states are not "expressly" mentioned in the definition of "State" as used in § 7621 (see § 7701(a)(10))? [NO. It only extends to office of the President.]

f.  Has the President indeed established said internal revenue districts in the several states?  [NO] Is there any evidence that the President established any other tax collection districts besides "customs districts" within the several states?  Can one present any Presidential Executive Order by which the President has established internal revenue districts within the several states? [NO]

g.  If one argues that the Secretary has been given the authority to create internal revenue districts, can one present any evidence into the record to prove that the Secretary has created internal revenue districts within the several states pursuant to 4 USC § 72, 26 USC § 7621, Executive Order #10289 and/or 26 USC § 7803(b)(1) (1994) (re-codified as 26 USC § 7804(b)(1)? [NO]

h.  If one cannot prove that either the President or the Secretary have established internal revenue districts within the several states, out of which non-existent internal revenue districts does the Secretary have the authority to administer and enforce internal revenue laws? [NONE]

Q9. Explain the following in light of 4 USC § 72:

> "It is well established principle of law that **all** federal legislation applies only within the territorial jurisdiction of the United States **unless a contrary intent appears** [see 4 USC § 72]" [*Foley Brothers, Inc. v. Filardo*, 336 US 281 (1948)]

> "The laws of Congress in respect to those matters do not extend into the territorial limits of the <u>States</u>, but have force <u>only in the District of Columbia</u>, and other places that are within the <u>exclusive jurisdiction of the national government</u>." [*Caha v. United States*, 152 US 211] *(Emphasis added)*.

> "Official powers cannot be extended beyond the terms and necessary implications of the grant [by Congress]. If broader powers be desirable, **they must be conferred by Congress**." *Federal Trade Commission v. Raladam Co.,* 283 U.S. 643, 51 S.Ct. 587 (1931)*(Emphasis added)*

Q11. Does a Citizen have a right to see the law which "expressly" extends the authority of the Secretary outside "the District of Columbia" to the several states when he/she asks for said law [YES] or is it legally and morally right for the Secretary, several U.S. Attorneys and Courts to be completely silent in response to said questions? [NO]

Q12. When the federal and/or state governments and their agents refuse to show one law that satisfies the mandate of 4 USC § 72, is it a crime for one to be forced to speculate that no law exists, that Congress has not "expressly" extended the authority of the Secretary to the several states and that there is no duty for one to file a return or pay any particular alleged tax allegedly made so by laws which have not been "expressly" extended to the several states? [NO]

Q13. Why does the government refuse to show the law and choose instead to ask the Court for a protective order so they don't have to reveal the truth about the authority of the Secretary within the several states? [16] Wouldn't it be easier to just show the law? [YES]

Q14. Is it reasonable for one to continue to act upon their understanding of the law until it is dispelled with open discussion and responsive answers from officers of the United States (i.e., the DOJ, the Secretary and the IRS) with logical application of the law to the contrary? [YES]

---

[16] In fact, in the case of *Walden v. U.S.,* #A-05-CA-444-LY, U.S. District Court, Austin, TX, the government asked for a protective order so they did not have to answer the questions relative to 4 USC § 72. Moreover, Walden and others have filed a criminal complaint with over 80 members of Congress regarding said protective order and other issues, including, but not limited to, 4 USC § 72.

Brief Regarding 4 USC § 72                    Lack of Territorial Jurisdiction

Q15. How can one avoid prosecution in the future if one believes the conclusions of law which the government cannot disprove? [???]

**Conclusion:**

If the issues raised herein are incorrect with regard to the operation of the law as briefed, the government would have a brief proving said errors and they would not require a protective order to conceal the fact that the Secretary is not "expressly" authorized by Congress to act within the several states. Until there is open discussion and responsive answers from officers of the United States (i.e., Federal Agents or Attorneys) with logical application of the law to the contrary, one cannot do anything other than continue to act upon their understanding of the law as briefed and order one's life with the understanding that there is no law by which Congress has "expressly" extended the authority of the Secretary, the Commissioner and the IRS to the several states pursuant to 4 USC § 72.

///
///
///
///
///
///
///
///
///
///

Brief Regarding 4 USC § 72                      Lack of Territorial Jurisdiction

It holds true that:

- **<u>29 Am. Jur. 2d Evidence § 83, Territorial extent of jurisdiction (2012).</u>**
  "All courts are bound to take judicial notice of the territorial extent of the jurisdiction exercised by the government, and the extent and boundaries of the territory under which they can exercise jurisdiction."

- **<u>20 Am. Jur. 2d Courts § 105, Territorial limitations (2008).</u>**
  "The jurisdiction of a court is subject to territorial limits. Its jurisdiction cannot extend beyond the territory belonging to the sovereignty on behalf of which it functions, and its jurisdiction can be further limited, by constitutional or statutory provisions, to only part of a territory of the sovereignty to which it belongs."

- **<u>20 Am. Jur. 2d Courts § 99, Effect of location of defendant or res (2008).</u>**
  "The life or force of process in personam is limited to the territorial jurisdiction of the court that issued it; personal service on a nonresident defendant, outside the jurisdiction of the court, does not suffice to give the court jurisdiction over the person of a defendant."

- **<u>13D Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Richard D. Freer, Federal Practice and Procedure § 3522, pp. 103–05 [hereinafter 13D Wright & Miller].</u>**
  "[T]here is a presumption that a federal court lacks subject matter jurisdiction, and the party seeking to invoke federal jurisdiction must affirmatively allege the facts supporting it."

- **<u>13D Wright & Miller § 3522, pp. 104–07.</u>**
  "If these facts are challenged, the burden is on the party claiming jurisdiction to prove that the court has jurisdiction over the subject matter. . . . This showing must be made by a preponderance of the evidence."

- **<u>15 Moore's Federal Practice ¶ 102.14.</u>**
  Citing McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936) ("The burden of proving all jurisdictional facts is on the party asserting jurisdiction.")

///
///
///
///
///
///

Brief Regarding 4 USC § 72                        Lack of Territorial Jurisdiction

**Verification:**

I, Richard Boggs, with full reservation of rights, do hereby declare under penalties of perjury that I have not violated any laws <u>to my knowledge</u>,[17] that the foregoing statements are true and correct, and that I do not believe in the least or for one second that 26 USC imposes any requirement of any nature upon me, to pay any tax or to file any forms. (28 USC § 1746).

Executed under penalties of perjury this 24ᵗʰ day of April 2023.


Richard Boggs (beneficiary)
for the Defendant, sui juris


The above affirmation was subscribed and duly sworn to before me this 24 day of April 2023, by Richard Boggs.

I, Christopher Anderson, am a Notary under license from the State of South Carolina whose commission expires on 06/08/2031, and be it known by my hand and my Seal as follows:


Notary signature

///

///

///

///

///

**Christopher Anderson**
Notary Public for South Carolina
Commission Expires: 06/08/2031

---

17 See *SCR Joint Venture, L.P. v. Warshawski*, 559 F.3d 133, 138-39 (CA2 2009).