Richard Boggs
504 Gleneagle Cir
Irmo, SC 29063

# UNITED STATES DISTRICT COURT DISTRICT
# OF SOUTH CAROLINA AT COLUMBIA

| | |
|---|---|
| Richard Boggs<br>Plaintiff, | Motion For Relief From<br>The Judgement |
| v. | |
| UNITED STATES,<br>Defendant | Criminal No. No. 3:22-221 |

## PRO SE STANDARD REVIEW

I, Richard Boggs, possessing and having never waived any of my rights, voluntarily, never done with knowingly intelligent acts, nor done with sufficient awareness of the relevant circumstances and consequences. (Brady v. U.S. 379 U.S. 742 at 748). Boggs files this Pro Se Standard Review to remind the women acting as Judge that she cannot hold him to procedural requirements because he is moving at law and she is required to give Boggs the man the same wide latitude as any other pro se litigant which means she cannot dismiss his MOTION FOR RELIEF FROM THE JUDGMENT if there is any valid cause that she can see, even if he is not pointing out the right law and presenting it well.

1. Pro se litigants' court submissions are to be construed liberally and held to less stringent standards than submissions of lawyers. If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. Boag v. MacDougall, 454 U.S. 364, 102 S. Ct. 700, 70 L.Ed.2d 551 (1982); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)); Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); McDowell v. Delaware State Police, 88 F.3d 188, 189 (3rd Cir. 1996); United States v. Day, 969 F.2d 39, 42 (3rd Cir. 1992)(holding pro se petition cannot be held to same standard as pleadings drafted by attorneys); Then v. I.N.S., 58 F.Supp.2d 422, 429 (D.N.J. 1999). [Emphasis Added].

3. The courts provide pro se parties wide latitude when construing their pleadings and papers. When interpreting pro se papers, the Court should use **common sense** to determine what relief the party

desires. S.E.C. v. Elliott, 953 F.2d 1560, 1582 (11th Cir. 1992). See also, United States v. Miller, 197 F.3d 644, 648 (3rd Cir. 1999) (Court has special obligation to construe pro se litigants' pleadings liberally); Poling v. K. Hovnanian Enterprises, 99 F. Supp.2d 502, 506-07 (D.N.J. 2000). [Emphasis Added].

4. Defendant has the right to submit pro se briefs on appeal, even though they may be in artfully drawn but the court can reasonably read and understand them. See, Vega v. Johnson, 149 F.3d 354 (5th Cir. 1998). Courts will go to particular pains to protect pro se litigants against consequences of **technical errors** if injustice would otherwise result. U.S. v. Sanchez, 88 F.3d 1243 (D. C. Cir. 1996). [Emphasis Added].

5. Moreover, "the court is under a duty to examine the complaint to determine if the allegations provide for relief on **any possible theory**." Bonner v. Circuit Court of St. Louis, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). Thus, if this court were to entertain any motion to dismiss this court would have to apply the standards of White v. Bloom. Furthermore, if there is any possible theory that would entitle the Plaintiff to relief, even one that the Plaintiff hasn't thought of, the court cannot dismiss this case. [Emphasis Added].

6. Because the Plaintiff is pro se, the Court has a higher standard when faced with a motion to dismiss, White v. Bloom, 621 F.2d 276 makes this point clear and states: A court faced with a motion to dismiss a pro se complaint must read the complaint's allegations expansively, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), and **take them as true** for purposes of deciding whether they state a claim. Cruz v. Beto, 405 U.S. 319, 322, 92 S. Ct. 1079, 1081, 31 L. Ed. 2d 263 (1972). [Emphasis Added].

Date: _9-5-2=_____

_____
(Signature of his POA)